[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 5085-r
 STATEMENT OF THE CASE
This is a statutory appeal from a decision of the Connecticut Unemployment Security Board of Review. As such, it is not heard de novo, but the court is restricted to a review of the record. It is governed by § 22-9 of the Practice Book and not by the Administrative Appeals section of the general statutes.
Since this plaintiff did not file a motion to correct the board's finding of fact, the court is precluded from reviewing those findings. (Citations omitted).
 DISCUSSION I
Connecticut General Statutes § 31-236 (a)(2)(B) states that one is ineligible for unemployment compensation where he is discharged (or otherwise rendered unemployed) for "wilful misconduct". "Wilful misconduct" is defined as ". . . deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's incompetence. . ." (§ 31-236 (a) (15).).
In this case, the Board of Review found that the plaintiff violated his employer's rules in two ways. He failed to notify the department dispatcher that he was leaving his police vehicle and he failed to make out a written accident report for the minor accident he was involved in.
The plaintiff's own version of the events in question and the testimony of the other vehicle operator alone constitutes substantial evidence to support the Board's findings.
The record and in particular the hearing transcript, contains an ample basis for the Board's findings with respect to these violations.
It is therefore the conclusion of the court that the Board's CT Page 5085-s decision was neither arbitrary, illegal nor unreasonable.
 II
The plaintiff argues that the punishment imposed for these two violations was disproportionate for minor violations. The plaintiff received a six month suspension.
The difficulty with this argument is that it seeks to have the court substitute its judgment for that of the prior triers. Neither Practice Book Section 22-9, state statutes nor case law give this court broad discretionary powers on these matters.
A further flaw in this argument is that the court has no basis upon which to make the comparisons required to find this punishment inappropriate.
Further, the defendant Town of Guilford makes the point that these offenses cannot be viewed in isolation but must be examined in light of the plaintiff's total personal record, and in particular prior violations and punishment.
 CONCLUSION
After a review of the record and in light of the discussion above, the appeal is dismissed.
Anthony V. DeMayo, J.T.R.